UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 10-14-C

NEIL J. ALIOTO and
MARY JAN ALIOTO,                                                                PLAINTIFFS,

V.                         MEMORANDUM OPINION AND ORDER

ADVANTAGE ASSOCIATES, INC., et al.,                                    DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the plaintiffs' motion to amend their complaint (R. 22) and the defendants' motions to amend their answer (R. 17) and for judgment on the pleadings (R. 19).

I.      Background

Between December 2008 and January 2009, the parties signed an Agreement and Release relating to the termination of joint interest by Neil Alioto and Kaven Rumpel in two businesses, Advantage Associates, Inc., and Highview Manor Associates, LLC. Stemming from that termination, Neil and Mary Jane Alioto filed this suit against Rumpel and the two businesses, claiming fraud, breach of contract, libel and outrageous conduct causing severe emotional distress.

On October 20, 2010, the defendants moved for judgment on the pleadings under Fed. R. Civ. Pro. 12(c). On November 9, 2010, the plaintiffs sought leave to file an amended complaint, almost four months after the deadline for such motions and quite close to the deadline for expert disclosures and the discovery cutoff date. In the amended complaint, the plaintiffs seek to add facts regarding allegedly

1

fraudulent 1099 Forms, add significant facts to their fraud claim, add a new claim for breach of fiduciary duty and add a claim for damages under 26 U.S.C. § 7434.

## II.    Motion to Amend Complaint

The plaintiffs have not shown "good cause" under Fed. R. Civ. Pro. 16(b) to amend their complaint after the scheduled deadline has passed. *See Leary v. Daeschner*, 346 F.3d 888, 909 (6th Cir. 2003). They offer no reason for the delay in filing the amended complaint. *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir.2005). While the plaintiffs argue that the defendants have not provided requested documents, the requested documents have not been shown to contain information required to make the amendments proposed by the plaintiffs. Nothing in the requested documents would have prevented plaintiffs from including the facts or the new claim under 26 U.S.C. § 7434. Indeed, the plaintiffs' concession that they have not received the documents negates their argument that the documents were necessary in order to amend their complaint.

In addition, "a determination of the potential prejudice to the nonmovant also is required when a district court decides whether or not to amend a scheduling order." *Leary*, 346 F.3d at 909. To deny a motion to amend, a court must find "at least some significant showing of prejudice to the opponent." *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir.1986). Delay, standing alone, is an insufficient basis for denying leave to amend, and this is true no matter how long the delay. *Id*. at 559–62.

Allowing the plaintiffs to amend their complaint to include new claims would cause significant prejudice to the defendants. The plaintiffs waited almost four months after the deadline to move to amend their complaint, which proposes new claims for breach of fiduciary duty and damages under 26 U.S.C. § 7434. The motion was filed with less than two months left for discovery and only one month left to disclose expert witnesses. Allowing such claims to be added almost a year after the plaintiffs filed their complaint and so close to the discovery deadlines would significantly prejudice the defendants. Although the plaintiffs claim lack of prejudice because they made the defendants aware of plaintiffs' reliance on 26 U.S.C. § 7434 in an email dated October 1, 2010, this email was still several months after the deadline to amend the complaint and is not sufficient to eliminate the prejudice to the defendants. The motion to amend will thus be denied as to the new claims but granted insofar as the plaintiffs seek to particularize their fraud claim.

### III. Judgment on the Pleadings

Defendants move for judgment on the pleadings on three grounds: lack of subject-matter jurisdiction, failure to state a claim upon which relief can be granted, and bar of the libel claim by the release signed by the parties on December 3, 2008.

#### A. Subject-Matter Jurisdiction

This action is before the court based on diversity jurisdiction. 28 U.S.C. § 1332. The parties are diverse, and the plaintiffs seek compensatory damages for

3

taxes and penalties of "hundreds of thousands of dollars" in incorrectly reported income, R. 24 at 4, as well as punitive damages. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572–73 (6th Cir. 2001) (punitive damages may be aggregated with other damages to satisfy the amount-in-controversy requirement). In a federal diversity action, the amount in controversy alleged in the complaint will suffice unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount. *Klepper v. First American Bank*, 916 F.2d 337, 340 (6th Cir.1990) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). When determining whether the amount in controversy required for diversity jurisdiction has been satisfied, the complaint is examined at the time it was filed. *Klepper*, 916 F.2d at 340. While the plaintiffs have not pled a specific dollar amount, there is no legal certainty that the damages would be below the jurisdictional amount. Therefore, this court has diversity jurisdiction over this action.

### B. Failure to State a Claim

The defendants assert that the plaintiffs have failed to state a claim for fraud, breach of contract, libel, and outrageous conduct. The plaintiffs must state only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). Moreover, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. Pro. 8(d)(1). While "[n]o technical form is required," Fed. R. Civ. Pro. 8(d)(1), "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief

4

that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Viewing the complaint generously, the plaintiffs have cited facts which establish all the elements necessary for a fraud claim: "(1) that the declarant made a material misrepresentation to the plaintiff, (2) that this misrepresentation was false, (3) that the declarant knew it was false or made it recklessly, (4) that the declarant induced the plaintiff to act upon the misrepresentation, (5) that the plaintiff relied upon the misrepresentation, and (6) that the misrepresentation caused injury to the plaintiff." *Radioshack Corp. v. ComSmart, Inc.*, 222 S.W.3d 256, 262 (Ky.App., 2007) (citing *United Parcel Service Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky.1999)).

The plaintiffs appear to assert that the termination agreement signed by the parties was a material misrepresentation upon which the plaintiffs relied and that the defendant knew the agreement was false but nonetheless induced the plaintiff to act upon it, causing injury to the plaintiff. Fraud, however, is a special matter to be pled under the more specific requirements of Fed. R. Civ. Pro. 9(b), which requires that an allegation of fraud state with particularity the circumstances constituting the fraud. The court will allow the plaintiffs to amend the complaint to sufficiently particularize their claim for fraud and conform to the mandate of the rule.

The plaintiffs have failed to properly state a claim for breach of contract. They properly assert the elements of a contract between the parties: that a

contract exists; that the defendants breached the contract by filing the Form 1099s; and that the breach resulted in damages to the plaintiffs. *See Barnett v. Mercy Health Partners-Lourdes, Inc*., 233 S.W.3d 723, 727 (Ky.App.2007). The Agreement and Release, which constitutes the contract, contains no language regarding any reporting of income to the taxing authorities. Further, the Agreement states that it "sets forth the entire agreement of the parties with respect to its subject matter . . . ." R. 1-3 at 5. There is no ambiguity in the terms of the contract to warrant further discovery. The only case cited by the plaintiffs, *Horizon Coal Corporation v. U.S.*, 876 F.Supp. 1512 (N.D.Ohio 1993), is not persuasive, as the release in that case specifically addressed the issue upon which the claim was based. This court will thus dismiss the claim for breach of contract.

The plaintiffs have properly stated a claim for libel because their complaint satisfies all elements of the claim: defamatory language about the plaintiff which is published and which causes injury to reputation. *Stringer v. Wal–Mart Stores, Inc*., 151 S.W.3d 781, 793 (Ky.2004). Taking the plaintiffs' statements as true, the defendants' defamatory language occurred when they issued Form 1099s which allege that the plaintiffs had more income than they previously reported. These statements were published when they were transmitted to a third party, the taxing authority. "The notion of 'publication' is a term of art, and defamatory language is 'published' when it is intentionally or negligently communicated to someone other than the party defamed." *Id*. As the statements impute the crime of false tax reporting, it is libel per se, and the plaintiffs are entitled to the presumption that the

6

publication of defamatory statements caused injury. *Id.* at 795. Thus the libel claim will not be dismissed.

The plaintiffs have not properly stated a claim for outrageous conduct causing severe emotional distress ("outrage") because they have failed to allege they suffered from severe emotional distress. *Id.* at 788. The plaintiffs' complaint asserts only that "[t]he causing to be filed of the false reports of additional income by the Defendants was outrageous and it offends the generally accepted societal standards of decency and morality causing Plaintiffs fear and emotional distress. . . ." R. 1 at 6. Even if this court were to read the plaintiffs' complaint to assert *severe* distress, such legal conclusions, without support by factual allegations, are not sufficient to survive a motion to dismiss. *See Iqbal*, 129 S.Ct. at 1940-41. This court will dismiss the original claim of outrageous conduct, but will grant the plaintiffs leave to amend their claim if they can allege facts showing severe emotional distress.

**C. Release**

The plaintiffs' libel claim is not barred by the Release because the court is unable to determine the date upon which the Form 1099s were filed. While the release signed by Alioto on December 3, 2008, releases the defendants from "all claims, demands, actions, causes of action, losses, liabilities, damages, costs, expenses, and disbursements … of any kind whatsoever, both known and unknown, foreseen and unforeseen, whether matured or unmatured, liquidated or unliquidated, legal or equitable, whether based upon tort, contract, breach of

7

contract or otherwise, and whether or not asserted" that they had or may have had "arising, directly or indirectly, from or by reason of, or in any manner related to or connected with, any fact or circumstance existing on or prior to" that date, the court has not seen a copy of the alleged Form 1099s, nor has any party specifically stated the date on which they were issued. R. 1-3 at 7. While ¶13 in the complaint mentions the 1099s, it never specifically states whether they were issued before or after the release. R. 1 at 4. Without this information, this court cannot determine whether the plaintiffs' claim is barred by the release. The court will thus not dismiss the libel claim.

## VI.  Conclusion

Accordingly,

**IT IS ORDERED** that the motion for leave to file an amended complaint (R. 22) is **DENIED** in part, **GRANTED** in part, and the plaintiffs shall file by October 3, 2011, an amended complaint that comports with this ruling and the remainder of this order.

**IT FURTHER IS ORDERED** that the motion for judgment on the pleadings (R. 19) is **GRANTED** as to the plaintiffs' claims for breach of contract and outrageous conduct, and **DENIED** as to the plaintiffs' claims for libel and fraud.

**IT IS FURTHER ORDERED** that the plaintiffs shall file an amended complaint which sufficiently states their claim for fraud on or before October 3, 2011. In that amended complaint, the plaintiffs may particularize their claim for outrageous conduct as well.

8

**IT IS FURTHER ORDERED** that the motion to amend answer (R. 17) is **GRANTED** as it is unopposed.

Signed on September 22, 2011

Jennifer B. Coffman, Judge
United States District Court